[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 4, 1994 Date of Application February 15, 1994 Date Application Filed February 17, 1994 CT Page 3436 Date of Decision March 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, G.A. 7 at Meriden.
Docket No. CR93-155930; CR93-155931; CR93-155932; CR93-155933; CR93-936; CR93-155937; CR93-155938; CR93-155939;
Charles K. Thompson, Esq., Defense Counsel, for Petitioner.
Juliett Crawford, Esq., Supervisory Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of nolo contendere, petitioner was convicted of eight separate counts of burglary in the third degree in violation of General Statutes § 53a-103. As a result of such conviction, consecutive sentences of four years suspended after two years with three years probation were imposed on three counts. On another count, a consecutive sentence of one year was imposed. On the remaining counts, sentences of two years each were imposed to be served concurrent with each other and with other counts. The total effective sentence was twelve years execution suspended after seven years and three years probation. This sentence was to be served concurrently with a sentence which petitioner was then serving.
Petitioner was then on probation. After he admitted being in violation of probation, probation was terminated.
Other charges then pending against petitioner were not prosecuted.
Petitioner's attorney argued for a reduction in sentence. He pointed out that petitioner's basic problem was drug addiction. The attorney stated that it would be more appropriate if a portion of the seven year sentence were CT Page 3437 suspended and petitioner placed on probation with a requirement for drug treatment. Speaking on his own behalf, petitioner admitted the responsibility for his crimes and expressed his remorse. He urged a reduction in his sentence so as to allow him to make restitution to the victims of his crimes.
The state's attorney argued against any reduction in sentence. She pointed out petitioner's prior criminal record and the fact that he was on supervised home release at the time these crimes were committed.
Petitioner was sentenced for eight separate burglaries of, what appeared to be small businesses, in the Wallingford area. Each burglary involved a larceny of property from the business and, in most cases, damage to the premises.
To properly consider the propriety of the present sentence it is necessary to consider petitioner's past transgressions and punishment. The record discloses that on August 23, 1991, petitioner was convicted of eighteen counts of burglary in the third degree. A sentence of ten years execution suspended after five years and three years probation was then imposed. On May 22, 1992, petitioner was released on supervised home release. It must be concluded then that the offenses which underlie this petition, were committed while petitioner was serving a sentence for a previous string of burglaries.
Under the circumstances of this case where petitioner committed a number of burglaries while still serving a sentence for prior burglaries, it cannot be found that the sentence imposed was appropriate or proportionate to the nature of the offenses committed. In view of the character of the petitioner, as demonstrated by his propensity to commit burglaries, and the need to protect the public from such continued criminal activity, the sentence should be increased.
Accordingly, the sentence imposed is modified by making such sentence consecutive to the sentence which petitioner was serving at the time sentence was imposed.
This matter is remained to the trial court for resentencing. CT Page 3438
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.